```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

UNITED STATES OF AMERICA,           *

    Appellee,                       *

vs.                                 *
                                              CASE NO. 4:16-CR-31 (CDL)
MARCUS D. TASBY,                    *

    Appellant.                      *

## O R D E R

Defendant Marcus D. Tasby pleaded guilty to one count of reckless driving, in violation of 18 U.S.C. §§ 7 and 13 and O.C.G.A. § 40-6-390. J. 1, ECF No. 23. He also pleaded guilty to one count of driving while license suspended, in violation of 18 U.S.C. §§ 7 and 13 and O.C.G.A. § 40-5-121. *Id.* The United States Magistrate sentenced Tasby to six months of imprisonment on Count One and thirty days of imprisonment on Count Three, to run concurrently. *Id.* at 2. Tasby appealed the sentence pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), contending that the sentence is procedurally and substantively unreasonable. For the reasons set forth below, the Court affirms the sentence imposed by the Magistrate.

### PROCEDURAL BACKGROUND

On December 22, 2015, Tasby was charged with the following offenses in a three-count information: Count One - drunken

driving, Count Two - driving less safe, and Count Three - driving while license suspended. He pleaded guilty to Count Three as charged and to a reduction of Count One to reckless driving. Count Two was dismissed. At the change of plea hearing, Tasby admitted that he had been driving with a suspended license and that his breath test revealed the presence of alcohol. Apr. 28, 2016 Hr'g Tr. 4:10-23, ECF No. 28.

After Tasby entered his guilty plea, he received a draft presentence investigation report and had an opportunity to review it. The report stated that the advisory sentencing range under the Federal Sentencing Guidelines was zero to six months based on a total offense level of 4 and a criminal history category of I. In response, Tasby stated that he did "not have any objections to the advisory guideline range calculation in the draft Presentence Investigation Report." Def.'s Resp. to Presentence Investigation Report 1, ECF No. 20. Tasby also did not object to the Presentence Investigation Report during his sentencing hearing. Aug. 25, 2016 Hr'g Tr. 2:3-13, ECF No. 29.

At the sentencing hearing, the Magistrate determined that the advisory sentencing range under the Guidelines was zero to six months, based on an offense level of 4 and a criminal history category of I. *Id.* at 5:22-24. Tasby's counsel explained that Tasby had been working to get his license restored, he had gotten a job, had completed an anger management

2

class, had taken steps to deal with his substance abuse issues, and that he was trying to seek treatment for post-traumatic stress disorder and depression. *Id.* at 3:6-24. Tasby's counsel asked for a probation sentence or intermittent confinement. The Magistrate noted that Tasby had at least one prior citation for driving with a suspended license and that his case could have been prosecuted as a felony; the Magistrate found that issue to be serious "from the perspective of entering a sentence." *Id.* at 3:25-4:11, 4:22-5:6. The Magistrate also stated: "In imposing the sentence in this case the Court has considered the advisory sentencing range and the sentencing factors found at 18 U.S.C. 3553(a) and has made an individualized assessment based on the facts presented." *Id.* at 5:25-6:3.

The Magistrate sentenced Tasby to six months of imprisonment on Count One and thirty days of imprisonment on Count Three, to run concurrently, and waived the imposition of a fine because of Tasby's financial condition. *Id.* at 6:4-10.

DISCUSSION

In this appeal, Tasby "is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* The Court must review the Magistrate's decision for abuse of discretion using a two-step process. *United States v. Trailer*,

3

827 F.3d 933, 935 (11th Cir. 2016) (per curiam). First, the Court looks to whether the Magistrate "committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 936 (footnote omitted). Then, the Court must "examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Id.* Tasby, as the party challenging the sentence, "bears the burden of showing that it is unreasonable." *Id.* In general, the Court should only vacate a defendant's sentence if the Court finds that the Magistrate "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010)).

**I.   Is Tasby's Sentence Procedurally Unreasonable?**

Tasby contends that the Magistrate did not consider his mitigating evidence and did not adequately explain his reasoning for the six-month sentence. According to Tasby, the lack of a more detailed explanation for the sentence suggests that the Magistrate treated the Guidelines as mandatory rather than

4

advisory, in violation of *United States v. Booker*, 543 U.S. 220 (2005). The Court disagrees.

Tasby correctly asserts that the Magistrate was required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1). Tasby argues that because the Magistrate did not specifically comment on his mitigating evidence (except to say that Tasby's financial condition warranted waiving the imposition of a fine), the Magistrate must have ignored the mitigating evidence altogether. Based on the Court's review, however, the Magistrate did consider the § 3553 factors. The Magistrate expressly stated that he considered the § 3553 factors. The Magistrate considered the nature of Tasby's crime, as well as the fact that Tasby had previously been cited for driving with a suspended license. The Magistrate found this issue to be significant and noted that Tasby could have been charged with a felony but was not. The Magistrate did acknowledge Tasby's argument that the Guidelines allow for intermittent confinement and home detention. Aug. 25, 2016 Hr'g Tr. 5:11-17.

The Magistrate also explained the basis for Tasby's sentence: the Magistrate believed that Tasby had committed a serious offense given his prior history of driving with a suspended license. The Court concludes that the Magistrate's

sentencing rationale is sufficient. And, given that the Magistrate considered the § 3553 factors and articulated an adequate reason for the sentence, the Court finds that nothing in the present record suggests that the Magistrate treated the Guidelines as mandatory rather than advisory. For all of these reasons, the Court concludes that the Magistrate committed no procedural error in selecting Tasby's sentence.

**II. Is Tasby's Sentence Substantively Unreasonable?**

Having found that Tasby's sentence is procedurally reasonable, the Court must determine whether the sentence is substantively reasonable. The Court must "examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a)." *United States v. Saac*, 632 F.3d 1203, 1214 (11th Cir. 2011). Because the sentence is within the Guidelines range, the Court "may, but is not required to, apply a presumption of reasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the sentence is within the Guidelines range, and the Court concludes that it is presumptively reasonable. Tasby argues, however, that the sentence reveals that the Magistrate failed to consider the "just punishment for the offense" under § 3553(a)(2)(A). As discussed above, it is clear from the present record that the Magistrate considered the severity of the offense in deciding how to sentence Tasby. It is within the

Magistrate's discretion to weigh the § 3553 factors, and the Court may not substitute its judgment in weighing those factors. *Saac*, 632 F.3d at 1214-15. Under the totality of the circumstances, the Court cannot say that it is "left with the definite and firm conviction that the [Magistrate] committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1215 (quoting *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir. 2007)). For these reasons, the Court finds that Tasby did not establish that his sentence was substantively unreasonable.

## CONCLUSION

For the reasons set forth above, the Court finds that the Magistrate did not abuse his discretion in imposing the sentence in this case. Therefore, the Court affirms the sentence imposed by the Magistrate.

IT IS SO ORDERED, this 1st day of February, 2017.

                                          s/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA